UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN YANCY ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-16276** |
| **STANDARD MORTGAGE CORPORATION** | **SECTION: "H"(2)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction or, in the alternative, Motion to Dismiss for Failure to State a Claim (Doc. 11). For the following reasons, this Motion is **GRANTED**.

### BACKGROUND

Plaintiffs Kevin Yancy and Leslie Yancy bring this action against Defendant Standard Mortgage Company. Defendant is the holder and owner of a note secured by a mortgage on Plaintiffs' home at 4700 Perilli Drive, New Orleans, Louisiana 70127. In their Complaint, Plaintiffs appear to seek damages and rescission of the loan contract based on alleged irregularities in the loan documents. Though Plaintiff has not opposed the motion, the Court may not simply grant the motion as unopposed. The Fifth Circuit approaches

1

the automatic grant of dispositive motions with considerable aversion.[1] Accordingly, this Court has considered the merits of Defendant's Motion.

## LEGAL STANDARD

### I. Lack of Jurisdiction

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[2] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[3] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[4]

### II. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[5] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

---

[1] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[2] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[3] *Den Norske Stats Oljesels kap As v. Heere MacVof*, 241 F.3d 420, 424 (5th Cir. 2001).

[4] *See Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[6] *Id.*

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[7] The Court need not, however, accept as true legal conclusions couched as factual allegations.[8]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[9] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[10] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[11]

## LAW AND ANALYSIS

The Court addresses the jurisdictional challenge first.[12] Plaintiffs' Complaint fails to allege a basis for jurisdiction. Nevertheless, because Plaintiffs are *pro se* litigants, the Court must liberally construe their Complaint.[13] The basic statutory grants of federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Because the Complaint does not specifically state the basis for subject matter jurisdiction, the Court will address both statutes.

---

[7] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[8] *Iqbal*, 556 U.S. at 667.
[9] *Id.*
[10] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[11] *Lormand*, 565 F.3d at 255–57.
[12] *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, a court has diversity jurisdiction over a case where the parties are citizens of different states and the amount in controversy exceeds $75,000. "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[14] The Complaint does not allege the Plaintiffs' own citizenship nor that of the Defendant. Thus, Plaintiff has failed to carry his burden of "distinctly and affirmatively alleg[ing] the citizenship of the parties."[15] Moreover, were the Court to liberally construe the Complaint, it appears that complete diversity is lacking. Plaintiffs appears to be a citizen of Louisiana, having provided the Court with a Louisiana address. Defendant alleges that it is a citizen of Louisiana, and Plaintiffs have provided no evidence to contradict this assertion. Complete diversity of citizenship is therefore lacking, and the Court does not have § 1332 jurisdiction over any of Plaintiff's claims in this case.

## II. Federal Question Jurisdiciton

Section 1331 vests district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[16] The well-pleaded complaint rule governs the existence *vel non* of federal question jurisdiction.[17] Pursuant to this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[18] A federal question is present "when the plaintiff's statement of his own cause of action shows that it is based upon [federal

---

[14] *McLaughlin v. Miss. Power Co.,* 376F.3d 344, 353 (5th Cir. 2004).
[15] *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001).
[16] 28 U.S.C. § 1331.
[17] *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 772 (5th Cir. 2003).
[18] *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

law]."[19] Federal question jurisdiction is not invoked when a purported federal claim is "so insubstantial, implausible, foreclosed by prior decision . . . or otherwise completely devoid of merit as not to involve a federal controversy."[20]

Construed liberally, the Court finds that the Complaint presents a federal question. Plaintiffs seek rescission of the subject loan based on violation of the Truth in Lending Act. This claim is sufficient to vest the Court with federal question jurisdiction over this claim and supplemental jurisdiction over the remaining state law claims in the Complaint.

**II. Sufficiency of Truth in Lending Act Claims**

This jurisdictional finding does not, however, end the Court's inquiry, as Defendant has challenged the sufficiency of Plaintiffs' claims under the Truth in Lending Act. Defendant avers that the challenged transaction is not covered by the Act. This Court agrees. The Complaint alleges violations of the Truth in Lending Act relative to a residential mortgage transaction, and such actions are specifically exempted from the Act's purview.[21] Accordingly, Plaintiffs may not bring a Truth in Lending Act claim arising out of this transaction, and their sole federal question claim must be dismissed.

**III. Jurisdiction over Remaining Claims**

Having dismissed Plaintiffs only federal question claim, the Court next considers its jurisdiction over the remaining claims. When all federal claims are dismissed or otherwise eliminated before trial, the court should generally

---

[19] *Vaden v. Discovery Bank,* 556 U.S. 49, 60 (2009) (alteration in original) (quoting *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)); *see also Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 366 (5th Cir. 1995) ("[A] suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law.").

[20] *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666 (1974)).

[21] 12 C.F.R. § 226.23 f(1).

decline to exercise supplemental jurisdiction over any remaining state law claims.[22] In deciding whether to continue exercising jurisdiction, courts should consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[23] The statutory factors include (1) whether the claim raises a novel or complex issue of State law, (2) whether the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) whether the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[24]

The Court finds no reason to retain jurisdiction over the remaining claims. This Court has expended minimal resources on this case, as it is in the early pleading stages. The remaining claims involve issues of fraud and contract law best resolved by a state court. Accordingly, Plaintiffs' remaining state law claims are dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiffs' claims are **DISMISSED**.

New Orleans, Louisiana this 5th day of May, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[22] *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 247 (5th Cir. 1999); *Petroleum v. Dresser Indus.*, 962 F.2d 580, 585 (5th Cir. 1992).
[23] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).
[24] 28 U.S.C. § 1367 (c).

6